UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CHARLOTTE D. MARTIN     :   CHAPTER 13
       Debtor                  :
                              :
       JACK N. ZAHAROPOULOS   :
       STANDING CHAPTER 13 TRUSTEE :
          Movant               :
                              :
       vs.                      :
                              :
       CHARLOTTE D. MARTIN     :
         Respondent          :   CASE NO.   5-23-bk-00266

<u>TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN</u>

      AND NOW, this  13th  day of March, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

      1.  Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.  More specifically, the debtor's plan payment is only $150.00 a month, while her monthly disposable income is $2,219.00 a month.

      2.  The Trustee avers that debtor's plan is not feasible based upon the following:

         a.  The plan is underfunded relative to claims to be paid – 100% plan.

      3.  Trustee avers that debtor's plan cannot be administered due to the lack of the following:

         a.  The debtor has not provided to the Trustee copies of 2021 and 2022 Federal Income Tax returns as required by § 521(e)(2)(A).

      4.  The Trustee provides notice to the Court as to the ineffectiveness of debtor's Chapter 13 Plan for the following reasons:

         a.  Clarification of vesting of property.  Because non-exempt equity exists, the plan should provide for vesting at closing. Accordingly, the plan violates § 1325(a)(4).

         b.  The plan should clarify how the mortgage arrearage claim is to be paid.

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 27th day of March, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Christopher Cassie, Esquire
Keaveney Legal Group, LLC
1000 Maplewood Drive, Suite 202
Maple Shade, NJ 08052

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee